**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| SAMRAWIT KELIFA, | No. 89233-9-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR & INDUSTRIES, | |
| Respondent. | |

MANN, J. — Samrawit Kelifa filed a workers' compensation claim with the Washington State Department of Labor and Industries (L&I), alleging a back injury sustained while lifting things at work. L&I dismissed the claim as untimely, and the Board of Industrial Insurance Appeals affirmed. Kelifa sought review from the Snohomish County Superior Court, which dismissed her case on summary judgment based on the statute of limitations. Kelifa appeals the dismissal, arguing that the superior court erred by not equitably tolling the limitations period for her claim. We affirm.

I

From May 10, 2022, through January 26, 2023, Kelifa was an employee at Blanton Turner, a property-management company that manages on-campus student

housing at Shoreline Community College.  Part of her duties included communicating with students over their housing-related needs, providing keys when they arrived, as well as administrative tasks like answering e-mails.  Kelifa was pregnant when she started the job.

On August 10, 2022, Kelifa believed that she sustained an injury when she felt a sharp pain in her back after lifting two mail bins weighing approximately 20 to 30 pounds.  She did not file a workers' compensation claim with L&I at that time.  On May 31, 2023, Kelifa filed a claim with L&I alleging unpaid overtime.[1]

On June 20, 2023, Kelifa sent a five-paragraph e-mail to L&I agent Alfredo Di Tolla discussing her wage complaint and stating that she did not receive a promised raise.  Kelifa also mentioned that she had started working more hours and lifting things again, which caused her back pain to return.

On December 11, 2023, Kelifa e-mailed Di Tolla again:

I am a little bit confused.  Are you saying because I am exempt employee, the overtime work I did which caused me to get blood pressure and back pain that I am still suffering from, and the bonuses that I was promised to get during my employment are not enough reasons?

Di Tolla replied the following day:

As a salary employee.  You are exempt from Minimum Wage and Overtime requirements.  If the work in question caused you to get blood pressure and back pain, this does not destroy the exemption.  Therefore, no additional wages are owed.

The employer dictates the terms and conditions for bonuses.  Based on the records received, we don't find you would be owed bonuses.

---

[1] Overtime & Exemptions: Agricultural Overtime, WASH. DEP'T OF LAB. & INDUS., https://www.lni.wa.gov/workers-rights/wages/overtime/ (last visited July 20, 2026).

-2-

If you are claiming these are work related injuries. You may file an injury claim with [L&I] for this, you would have to go to your doctor and tell them this is a work related injury; they would have to file your case with us and you may be eligible for other benefits.

If you disagree with our findings. You have the right to withdraw this wage claim in order to preserve your right to take other legal action through a private attorney or court. This is entirely your decision. Please let me know your decision by Thursday 12/14/23 or I will move forward with a DOC recommendation.

Kelifa faxed an application for a workers' compensation claim to L&I on December 13, 2023. L&I denied the claim because it was not filed within one year after Kelifa's August 10, 2022 back injury. Kelifa appealed L&I's decision to the Board.

Following a series of administrative hearings, an industrial appeals judge (IAJ) issued a proposed decision and order (PDO) affirming L&I's dismissal of Kelifa's workers' compensation claim as untimely. Kelifa unsuccessfully sought review from the Board, which adopted the PDO as its own on June 12, 2025.

On July 9, 2025, Kelifa filed a petition for review of the Board's decision with the Snohomish County Superior Court, arguing for the first time that the limitations period for her workers' compensation claim should be equitably tolled. On January 15, 2026, the superior court entered an order granting L&I's motion for summary judgment on timeliness grounds.

Kelifa appeals.

II

Kelifa's only argument on appeal is that the superior court erred by not equitably tolling the limitations period for her workers' compensation claim. We disagree.

A

"On appeal from the superior court for an industrial insurance claim, we review the superior's court decision, not the Board's order." Bradley v. City of Olympia, 19 Wn. App. 2d 968, 977, 498 P.3d 562 (2021); see RCW 51.52.140. The Washington Administrative Procedure Act, ch. 34.05 RCW, does not apply. Rogers v. Dep't of Lab. & Indus., 151 Wn. App. 174, 180, 210 P.3d 355 (2009).

We review summary judgment orders de novo and review all facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one that affects the outcome of the litigation. Elcon, 174 Wn.2d at 164.

B

Kelifa concedes that her claim was untimely, but nevertheless asserts that when she filed the initial wage complaint with L&I, she reported that she had a workplace injury, and L&I did not advise her that she had to file a separate injury claim within the statutory period. L&I responds that because Kelifa failed to raise equitable tolling before the Board, she has waived the argument on appeal. We agree with L&I.

An application for workers' compensation benefits must be filed "'within one year after the day upon which the injury occurred.'" Kovacs v. Dep't of Lab. & Indus., 186 Wn.2d 95, 96, 375 P.3d 669 (2016) (quoting RCW 51.28.050). "Timely filing is necessary for a claim to be allowable." Colasurdo v. Esterline Techs. Corp., 25 Wn. App. 2d 154, 162, 525 P.3d 610 (2023). The statutory period for Kelifa's workers'

compensation claim started running on August 10, 2022, the date of her work-related back injury. After learning that she was required to file an injury claim with L&I, Kelifa went to the hospital, was examined, and filed a claim with L&I on December 13, 2023—more than four months after the limitations period had run on August 10, 2023. Kelifa's theory that her initial wage complaint "referred to workplace injury" and thus put L&I on notice about her back injury is unavailing.

Our decision in Cordova v. City of Seattle, 20 Wn. App. 2d 139, 501 P.3d 601 (2021), is instructive. In that case, after police officer Ronald Cordova died from a brain aneurysm, his spouse applied for a one-time death benefit payment through the Department of Retirement Systems (DRS). Cordova, 20 Wn. App. 2d at 142. L&I, which administered death benefits on behalf of DRS, denied the claim. Cordova, 20 Wn. App. 2d at 142.

Nearly 17 months after Cordova's death, his wife applied to the City of Seattle for Title 51 RCW benefits. Cordova, 20 Wn. App. 2d at 143. L&I denied the claim because it was not filed within the one-year statutory period. Cordova, 20 Wn. App. 2d at 143. After Cordova's wife appealed the decision, an IAJ entered a PDO affirming the denial and rejected her equitable tolling argument, which the Board later adopted as its own. Cordova, 20 Wn. App. 2d at 143. Cordova's wife sought review from the superior court, which entered an order granting the City of Seattle's motion for summary judgment on timeliness grounds. Cordova, 20 Wn. App. 2d at 144.

On appeal, Cordova's wife argued that the documents she submitted with the initial one-time death benefit claim—the application itself and her attorney's letters mentioning an L&I claim but only referencing the case number DRS assigned to her

one-time death benefit claim—amounted to a timely application for workers' compensation benefits. Cordova, 20 Wn. App. 2d at 144. We rejected the argument, explaining that "[n]othing in the [initial] application would reasonably cause [L&I] in its role as DRS pension adjudicator to conclude that [Cordova's wife] was also seeking workers' compensation benefits. Cordova, 20 Wn. App. 2d at 144; see also Magee v. Rite Aid, 144 Wn. App. 1, 5-6, 9, 11, 182 P.3d 429 (2008) (receipt of copies of antiharassment protection order and Magee's answer to supervisor's countersuit was insufficient for Rite Aid to infer that Magee was making a claim for Title 51 RCW benefits). Like the documents at issue in Cordova, Kelifa's June 20, 2023 e-mail to Di Tolla about her wage complaint did not put L&I on notice that she was also seeking workers' compensation benefits. In the e-mail she only briefly mentioned in passing that she was "working more hours and lifting things again[,] which [caused her] back pain to come back."[2]

Furthermore, Kelifa failed to exhaust her administrative remedies before turning to the superior court for relief. RCW 51.52.104 requires claimants to file a petition for review before the Board that "set[s] forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein." Kelifa concedes that she raised equitable tolling for the

---

[2] In her reply brief, Kelifa also asserts that L&I was expected to match her initial wage complaint with her workers' compensation claim, which would have enabled L&I to apprise Kelifa of the need to file the latter within the statutory period. She relies on the testimony of L&I analyst Joshua Bruney. But her reliance is misplaced. Assuming that L&I had been able to match Kelifa's workers' compensation claim to her old wage complaint file, Bruney testified that a claim manager would be able to look at the new claim, determine that it was unrelated to the old wage complaint, and scan it into a new file, if it existed. Nonetheless, once the new file was created for the workers' compensation claim, Bruney testified that the assigned adjudicator would have rejected the claim as untimely, given that the date of Kelifa's injury—August 10, 2022—is more than one year prior to the date that the claim was received by L&I—December 13, 2023.

first time when she sought review of the Board's decision from the superior court. Thus, under the plain language of the statute, Kelifa waived the argument on appeal.

C

Notwithstanding, Kelifa asserts that she did not have to raise equitable tolling before the Board anyway because it lacks jurisdiction to toll the statute of limitations. She relies on Cost Mgmt. Servs., Inc. v. City of Lakewood, 178 Wn.2d 635, 310 P.3d 804 (2013) (CMS). But her reliance is misplaced.

In CMS, a natural gas purchasing agent submitted a claim to the City of Lakewood seeking a refund of taxes allegedly paid in error. 178 Wn.2d at 638. Instead of answering the claim, Lakewood issued a notice and order demanding payment of past due taxes for a different time period. CMS, 178 Wn.2d at 638. The purchasing agent successfully sued Lakewood on its refund claim, and the superior court's decision was affirmed by the court of appeals. CMS, 178 Wn.2d at 638. Lakewood successfully sought review from Washington's Supreme Court on exhaustion of remedies. CMS, 178 Wn.2d at 638.

Lakewood's argument on review was that its notice and order constituted a final agency action, and thus the purchasing agent could not seek relief in the superior court before exhausting its administrative remedies. CMS, 178 Wn.2d at 638. The court rejected the argument, explaining that the notice and order was not a response to the refund request, but rather a demand for payment of taxes stemming from an unrelated time period. CMS, 178 Wn.2d at 644. Because Lakewood failed to respond to the purchasing agent's initiation of the administrative process, the court held that the purchasing agent "did everything it was required to do to exhaust its administrative

remedies," and thus was not barred from seeking relief in the superior court. CMS, 178 Wn.2d at 644-45. The court further clarified that it was "Lakewood's failure to respond to the tax refund request, and not the fact that [the purchasing agent] brought a state claim in equity, [that] vitiated the exhaustion requirement." CMS, 178 Wn.2d at 645, 652.

A careful reading of CMS does not support Kelifa's argument that she was not required to exhaust her administrative remedies because none were available. Kelifa's theory is not that L&I's inaction in the administrative process allowed her to seek relief from the superior court, but rather that the exhaustion requirement was vitiated altogether because she was seeking equitable relief, the exact notion that CMS rejected. 178 Wn.2d at 646 ("[W]e take this opportunity to clarify that even if original jurisdiction in a case lies with the superior court, exhaustion of administrative remedies is still required.").

As previously discussed, Kelifa was required to raise equitable tolling before the Board to preserve the argument on appeal. See RCW 51.52.104. Not doing so was fatal to her position.

For those reasons, looking at the facts in the light most favorable to Kelifa, there is no evidence that the superior court erred in dismissing Kelifa's claim on summary judgment.

We affirm.[3]

---

[3] Because we conclude that the superior court did not err in dismissing Kelifa's claim on summary judgment on timeliness grounds, we do not address the issue of what is the appropriate equitable tolling analysis applicable to a workers' compensation claim like Kelifa's.

Mann, J.

WE CONCUR:

, ACJ